Daniel, Judge,
 

 after stating the case, proceeded : — We are of opinion that in the present case the question raised by the defendant, and on which his Honor decided, did not arise upon the pleadings. In an action instituted by warrant there is no other declaration than- the statement in the warrant “ how the- debt became due.” And whether the plaintiff’s case was made out by the original promise implied by the law from the delivery of the articles, or the subsequent express promise to pay for the articles so delivered, such case was embraced by the statement in the warrant. But even if the action had been commenced by writ, where a formal declaration is required, a count for goods sold and delivered 'would equally have embraced the first and the second promise. They are in truth
 
 identical,
 
 and made by the same man
 
 *237
 
 to the same man. The time of the promise does not constitute a material part of the contract declared upon. The plaintiff would be at liberty to prove the contract at any time before the bringing of the action. 1 Chitty’s Plead. 288. If the plaintiff allege a promise not in writing twenty years before, and to a plea of' the statute of limitations replies
 
 assumpsit iufra sex annos,
 
 it is no departure, for the time in the declaration was not material.
 
 Coll
 
 v.
 
 Hawkins,
 
 1 Stra. 21.
 
 Mathews
 
 v.
 
 Spicer, 2
 
 Stra. 806.
 
 Webly
 
 v.
 
 Palmer,
 
 1 Salk. 222.
 
 Howard
 
 v.
 
 Jennison,
 
 Ib. 223. 2 Saund. 5, note 3. Archb. Civ. Plead. 226. When the day in the declaration is material, as in an action on a bill of exchange or a promissory note, the •question presented in this case might have arisen. Until it is properly presented, it would be rash in us to express a judicial opinion. The nonsuit must be set aside, and a new trial granted.
 

 Per Curiam. J udgment reversed.